UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **DANIEL JARAMILLO,** § | |
| § | |
| *Plaintiff*, § | |
| v. § | |
| § | **EP-20-CV-00115-DCG** |
| **TXU ENERGY; EQUIFAX** § | |
| **INFORMATION SERVICES, LLC.;** § | |
| **and EXPERIAN INFORMATION** § | |
| **SOLUTIONS, INC.,** § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Daniel Jaramillo's "Motion to Lift Stay" (ECF No. 36) ("Motion"), filed on Mach 10, 2021. Therein, Plaintiff requests the Court to lift the stay in this case and re-open his claims against Defendant TXU Energy after it failed to pay the required fees to the American Arbitration Association ("AAA") and the AAA subsequently declined to administer its claims. Mot. at 1, ECF No. 36. For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

### I. BACKGROUND

On October 21, 2020, after reviewing TXU's "Motion to Compel Arbitration" (ECF No. 21) and all relevant briefing, the Court concluded that TXU had established the existence of an agreement with Plaintiff to arbitrate any claims he had against it, and thus, ordered the parties to submit their claims to arbitration pursuant to the terms of their agreement. *See generally* Mem. Order, ECF No. 32.

On February 2, 2021, the AAA sent notice via email to counsel for TXU, Ms. Robbie Malone, carbon-copying counsel for Plaintiff, Mr. Daniel Zemel, seeking payment of the

arbitration fees required to submit the parties' claims before the AAA.  *See* Resp. in Opp'n, Ex. C, ECF No. 38.  But shortly thereafter, Ms. Malone was hospitalized for COVID-19 and continues to be unable to work since then.  *Id.*, Ex. A ¶ 6.  After failing to hear from Ms. Malone, the AAA sent a follow-up notice in the same fashion on February 17, 2021.  *Id.*, Exhibit D.

On March 10, 2021, after again failing to hear from Ms. Malone, the AAA sent another notice, in the same fashion, stating that it was declining to administer the arbitration because TXU had failed to remit payment for the arbitration and closed its file on the matter.  *Id.*, Ex. E.  That same day, Plaintiff filed the instant motion.

## II.  DISCUSSION

### A.  Applicable Standard.

As a threshold matter, Plaintiff fails to provide either an applicable legal standard or legal argument as to why his arbitrable claims against TXU must now be litigated in this Court.  Plaintiff merely cites, without more, to R-1(d) of the AAA's Consumer Arbitration Rules, which provides that "[s]hould the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution."  *Id.*, Ex. E.  TXU similarly fails to provide the same.

Other courts have analyzed similar fact patterns by determining whether the party seeking arbitration effectively "waived" or "defaulted" its right to arbitrate by failing to pay the required arbitration fees.  *See Mason v. Coastal Credit, LLC*, 3:18-CV-835-J-39MCR, 2018 WL 6620684, at *6 (M.D. Fla. Nov. 16, 2018); *Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197, 1199 (9th Cir. 2003); *Stowell v. Toll Bros*, 06 CV 2103, 2007 WL 30316, at *1 (E.D. Pa. Jan. 4, 2007).  Hence, as the AAA declined to arbitrate the parties' dispute because of TXU's conduct and not because of any claim of invalidity of the arbitration agreement between the parties, the Court will

evaluate whether TXU effectively waived its right to arbitrate by failing to pay the required arbitration fees.

As the Court previously noted in its order compelling the parties to arbitrate, the Federal Arbitration Act ("FAA") requires the Court to enforce an arbitration agreement in the same manner that it would enforce any other contract. *See* 9 U.S.C. §§ 1–16; *Specialty Healthcare Mgmt., Inc., v. St. Mary Par. Hosp.*, 220 F.3d 650, 654 (5th Cir. 2000). As such, "'the right to arbitration, like any other contract right, can be waived.'" *Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 661 (5th Cir. 1995) (quoting *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986)).

"A party waives its right to arbitration when, among other things, it invokes the judicial machinery to the detriment or prejudice of the other party." *Keytrade USA, Inc. v. Ain Temouchent M/V*, 404 F.3d 891, 897 (5th Cir. 2005). Waiver may occur as a result of intentional conduct, the negligent failure to assert the right timely, or some other "default in proceeding with such arbitration." 9 U.S.C. § 3. The FAA does not define what it means for party to be in default, but the Fifth Circuit has explained that such a determination must be made on the peculiar facts of each case. *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004); *Valero Refining, Inc. v. M/T Lauberhorn*, 813 F.2d 60, 65 (5th Cir. 1987).

"When one party reveals a disinclination to resort to arbitration on any phase of suit involving all parties, those parties are prejudiced by being forced to bear the expenses of a trial[.]" *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1158 (5th Cir. 1986) (citations omitted). "Arbitration is designed to avoid this very expense. Substantially invoking the litigation machinery qualifies as the kind of prejudice . . . that is the essence of waiver." *Id.* (citations omitted).

-3-

Notwithstanding, establishing a waiver requires a "heavy burden" of proof. *See Subway Equip. Leasing Corp. v. Forte*, 169 F.3d, 324, 326 (5th Cir. 1999); *Price v. Drexel*, 791 F.2d 1156, 1158 (5th Cir. 1986). Federal policy strongly favors arbitration of disputes. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217–18 (1985); *Safer v. Nelson Fin. Group, Inc.*, 422 F.3d 289, 294 (5th Cir. 2005). As the Supreme Court has stated, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25 (1983). Therefore, there is a presumption against finding a waiver of arbitration. *Lawrence v. Comprehensive Bus. Servs. Co.*, 833 F.2d 1159, 1164 (5th Cir. 1987); *Miller Brewing Co. v. Ft. Worth Distrib. Co.*, 781 F.2d 494, 496 (5th Cir. 1986).

**B. TXU Has Not Waived Its Right to Arbitrate.**

By his motion, Plaintiff requests the Court to lift the stay not because he contests the validity of the arbitration agreement between him and TXU. Nor does he contest that the issues in this case are subject to the arbitration agreement. Instead, it appears to the Court that the only argument Plaintiff advances is that TXU failed to timely pay the required arbitration fees to the AAA. Thus, the Court construes Plaintiff's argument to be that TXU's failure to pay the fees constitutes "default" or "waiver "under the FAA. But after due consideration, the Court concludes that TXU has not waived its right to arbitrate and that this case is still subject to arbitration.

As noted above, the record shows that the AAA sent its notice seeking payment of the arbitration fees via email *only* to Ms. Malone and Mr. Zemel on February 2, 2021. *See* Resp. in Opp'n, Ex. C. But shortly thereafter, Ms. Malone was hospitalized for COVID-19. *Id.*, Ex. A ¶

6. But even then, the record shows that Ms. Malone was proactive in setting up an automatic out-of-office email notification requesting senders to direct all communication to other members of her firm. *Id.* Nonetheless, for an unknown reason, the AAA did not direct any of the notices at issue to any other individuals in her firm despite her request. *Id.* Moreover, TXU represents that its counsel had no access to the AAA's online system so that it could add additional people to whom the AAA could forward the notices. *Id.* In sum, TXU's other counsel never received any of the other notices the AAA sent out concerning payment of the fees. *Id.*

Hence, the Court concludes that the record shows that TXU had no apparent "disinclination to resort to arbitration" through its failure to pay the arbitration fees that would constitute waiver under the FAA. Instead, TXU's failure to do the same resulted from the sudden and unfortunate hospitalization of Ms. Malone for COVID-19, who was AAA's sole point of contact with TXU concerning the arbitration here.

Further, the Court is of the view that the record shows that the delay caused by Ms. Malone's hospitalization and TXU's consequent failure to pay the arbitration fees resulted in no prejudice to Plaintiff. Indeed, email communications between counsel show that Plaintiff's counsel, while wanting to avoid arbitration, also expressed being amenable to the situation due to Ms. Malone's hospitalization for COVID-19. *Id.*, Ex. G at 5–6. At worst, the record shows that this situation caused a three-month delay. In comparison, other courts have found prejudice when the defendant's "default" resulted in at least an eight-month delay. *See, e.g.*, *Mason*, 2018 WL 6620684, at *6 (eight-month delay); *Forby v. One Techs., L.P.*, 909 F.3d 780, 785 (5th Cir. 2018) (thirteen-month delay); *Petroleum Pipe Americas Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 481 (5th Cir. 2009) (one-year delay).

Thus, the Court concludes that TXU's failure to pay the required arbitration fees due to Ms. Malone's sudden hospitalization for COVID-19 resulted in no prejudice to Plaintiff sufficient to constitute a "default" or "waiver" under the FAA. Therefore, the Court denies Plaintiff's motion.

### III.  CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff Daniel Jaramillo "Motion to Lift Stay" (ECF No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Daniel Jaramillo and Defendant TXU Energy **SHALL** submit all of their remaining claims to arbitration pursuant to the terms of their agreement.

**IT IS MOREOVER ORDERED** that upon paying the American Arbitration Association's required arbitration fees, Defendant TXU Energy **SHALL FILE** a written report, with supporting exhibits, appraising the Court about such development.

**So ORDERED and SIGNED this 29th day of March 2020.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**